

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-10-2006

# Lopez Gomez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3165

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Lopez Gomez v. Atty Gen USA" (2006). *2006 Decisions.* Paper 343.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/343

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-3165

CARLOS RODOLFO LOPEZ GOMEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78-496-000)

Submitted under Third Circuit LAR 34.1(a)
on July 14, 2006

BEFORE: SMITH, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion filed October 10, 2006)

**O P I N I O N**

**ROTH, <u>Circuit Judge</u>:**

This case presents the question of whether an alien who has been granted "first offender" treatment for an initial state court drug conviction is "convicted" for the purposes of the Immigration and Nationality Act (INA), and thus ineligible for legal permanent residency. While our well-established precedent holds that "first offender" treatment counts as a "conviction" for purposes of the INA, we lack jurisdiction over this appeal and will therefore dismiss it.

The facts of this case are well-known to the parties, so we will recite only the most pertinent ones. In 1997, Carlos Rodolfo Lopez Gomez, a citizen of Guatemala, pled guilty to cocaine possession in violation of 21 U.S.C. § 802. He was sentenced under 35 P.S. § 780-117 (Section 17), which provides for "first offender" treatment to drug dependent offenders who plead nolo contendere or guilty to certain non-violent offenses:

> Upon fulfillment of the terms and conditions of probation, the court shall discharge such person and dismiss the proceedings against him. Discharge and dismissal shall be without adjudication of guilt and shall not constitute a conviction for any purpose whatsoever, including the penalties imposed for second or subsequent convictions.

35 P.S. § 780-117(3). Gomez's "first offender" treatment was apparently unsuccessful; he was convicted in 2001 for possession of crack cocaine. Gomez's appeal from the 2001 conviction is pending.

An approved visa petition has been filed for Gomez by his father, a lawful permanent resident. The Immigration Court found Gomez inadmissible under § 212(a)(2)(A)(i)(II) of the INA, based on his 1997 and 2001 convictions and ordered his

removal.  The Board of Immigration Appeals affirmed the IJ's ruling without opinion.

Gomez then filed a petition for review and motion for stay of removal with this Court.

We lack subject matter jurisdiction over Gomez's appeal and must therefore

dismiss it.  8 U.S.C. § 1252(a)(2)(C) provides that:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 212(a)(2) or 237(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 237(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 237(a)(2)(A)(i).

8 U.S.C. § 1252(a)(2)(D) excepts only judicial "review of constitutional claims or

questions of law raised upon a petition for review filed with an appropriate court of

appeals in accordance with this section."  Gomez has challenged the removal order on the

grounds that his 1997 Section 17 conviction is not a conviction for purposes of the INA

and that his 1997 plea was not knowing and voluntary because he was unaware of the

immigration consequences.  Gomez has not challenged the IJ's consideration of his 2001

conviction.

The 1997 and 2001 convictions are independent bases for the IJ's removal order.

Thus, even if Gomez were to prevail in his challenge to the 1997 conviction, the order

would still stand on the 2001 conviction.  Gomez's appeal only qualifies for the §

1252(a)(2)(D) exception as to the 1997 conviction.  Because the 2001 conviction is an

independent and unchallenged basis for the order of removal, the § 1252(a)(2)(D)

exception does not apply, and, under § 1252(a)(2)(C), we lack subject matter jurisdiction.

Moreover, even if we had jurisdiction to review the order of removal, we would affirm under our precedent in <u>Acosta v. Ashcroft</u>, 341 F.3d 218 (3d Cir. 2003), which held that an individual who has been given first offender treatment under Section 17 is considered to have a conviction for the purposes of the INA. Gomez urges that we reverse <u>Acosta</u> as unconstitutional because it violates the equal protection clause of the Constitution and conflicts with the Ninth Circuit's decision in <u>Lujan-Armendariz v. INS</u>, 222 F.3d 728 (9th Cir. 2000). This we cannot do. Under the rules and traditions of this Court, a published panel decision may be reversed only by the Court sitting *en banc*. Third Circuit I.O.P. 9.1. Therefore, if we had jurisdiction, <u>Acosta</u> would govern this case.

Gomez also contends that he did not enter a knowing and voluntary plea to his 1997 conviction because he was not informed of the immigration consequences of his plea. For a plea to be knowing and voluntary, the defendant must be informed of the direct consequences of the conviction; there is no requirement that the defendant be informed of collateral consequences, such as deportation. <u>United States v. Russell</u>, 686 F.2d 35, 39 (D.C. Cir. 1982).

We will therefore dismiss the appeal for lack of jurisdiction.